1

2

3

4

5     UNITED STATES DISTRICT COURT

6     NORTHERN DISTRICT OF CALIFORNIA

7

8  UNITED STATES,                          No. CR-06-0316-5 EMC

9            Plaintiff,

10      v.                                 **ORDER DENYING DEFENDANT'S**
                                           **MOTION TO RECONSIDER HIS**
11  KASI TALEA POHAHAU,                    **SENTENCE**

12           Defendant.                    **(Docket No. 631)**
   _____/

13

14

15        Defendant Kasi Talea Pohahau has filed a motion to reconsider his sentence pursuant to 18

16  U.S.C. § 3582(c)(2).  Having considered the papers submitted, as well as all other evidence of

17  record, the Court hereby **DENIES** the motion.

18        First, as the government notes, the plea agreement Mr. Pohahau entered bars his motion,

19  whether his motion is based on fast-track disparities or the Second Chance Act.  Paragraph 5 of the

20  plea agreement provides as follows:

21            I agree not to file any collateral attack on my conviction or sentence,
              including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, *or a*
22            *motion under 18 U.S.C. § 3582*, at any time in the future after I am
              sentenced, except for a claim that my constitutional right to the
23            effective assistance of counsel was violated.

24  Docket No. 258 (Plea Agreement ¶ 5) (emphasis added).

25        Second, even if the plea agreement was not a bar to Mr. Pohahau's motion, there are other

26  problems.  For example, § 3582(c)(2) provides that a defendant may bring a motion for modification

27  of an imposed term of imprisonment where the defendant "has been sentenced to a term of

28  imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Mr. Pohahau has not shown that the Sentencing Commission has lowered the sentence for a violation of 18 U.S.C. § 841(a)(1) and (b)(1)(A). As above, this bars his petition whether based on fast-track disparities or the Second Chance Act.

Finally, to the extent Mr. Pohahau notes that one factor that may be taken into account when a court imposes a sentence is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6), that is true. However, the Ninth Circuit has specifically held that fast-track disparities -- which Mr. Pohahau invokes -- "are not 'unwarranted' so as to permit their consideration under § 3553(a)(6)." *United States v. Gonzalez-Zotelo*, 556 F.3d 736, 740 (9th Cir. 2009).

IT IS SO ORDERED.


Dated: February 19, 2013

_____
EDWARD M. CHEN
United States District Judge